IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES C. SPEARMAN, | * | |
| Plaintiff, | * | |
| v. | * | |
| | | CIVIL NO. JKB-21-1779 |
| CITY OF ANNAPOLIS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss. (Mot. Dismiss, ECF No. 11.) The Motion is ripe for disposition and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, the Court will grant in part, deny in part, and hold in abeyance in part the Motion to Dismiss. The Motion will be held in abeyance in part until the Court receives the parties' supplemental briefing, as set forth in more detail below and in the accompanying Order.

### I.   Background

Plaintiff, a retired police officer with the Annapolis Police Department ("APD"), filed a *pro se* Complaint on July 19, 2021 alleging retaliation and unequal terms and conditions of employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (Compl., ECF No. 1.) He named as Defendants the City of Annapolis ("Annapolis"), APD, Brian Della, Tricia Hopkins, and Michael Pristoop. (*Id.* at 1–4.) Plaintiff indicated that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 26, 2015 and received the EEOC's Notice of Right to Sue letter ("EEOC Letter") on April 16, 2021. (*Id.* at 7.) Counsel entered an appearance on Plaintiff's behalf (ECF No. 5) and filed an Amended Complaint

on September 2, 2021, removing Della, Hopkins, and Pristoop as Defendants but making largely the same allegations, albeit with additional detail. (*See generally* Am. Compl., ECF No. 10.)

On September 3, 2021, Defendants filed their Motion to Dismiss. Defendants moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). (Mot. Dismiss Mem. Supp. at 1, ECF No. 11-1.) Defendants made four arguments in support of dismissal: (1) Plaintiff's service upon Defendants was insufficient; (2) APD is not an entity capable of being sued; (3) Della and Hopkins are not capable of being sued under Title VII; and (4) Plaintiff filed his Complaint over 90 days after he received the EEOC Letter. (*Id.* at 3–8.)

In response to the first, second, and third arguments, Plaintiff argued that he properly served Annapolis and APD after the Motion to Dismiss was filed, but conceded that APD, Della, and Hopkins should be dismissed. (Opp'n to Mot. Dismiss at 6–7, 12, ECF No. 15.) In response to the fourth argument, Plaintiff clarified that, although he indicated in his *pro se* Complaint that he received the EEOC Letter on April 16, 2021, this was the date the letter was issued, not the date it was received. (*Id.* at 10–12.) Plaintiff explains that he actually received the letter on April 19, 2021. (*Id.*) He attaches the EEOC Letter, dated April 16, 2021, as an exhibit. (ECF 15-1.)

In reply, Defendants conceded that Annapolis was properly served. (Reply at 2 n.3, ECF No. 16.) Defendants note that the Amended Complaint "contains the same allegations and thus, the same fatal issues as the Complaint." (*Id.*) Despite the admitted similarity between the Complaint and the Amended Complaint, Defendants raised three entirely new arguments in support of dismissal pursuant to Rules 12(b)(1) and 12(b)(6): (1) the Court lacks subject matter jurisdiction because the allegations in the Complaint exceed the scope of the EEOC charge of discrimination; (2) Plaintiff filed his EEOC charges over 300 days after the unlawful employment actions; and (3) Plaintiff fails to state a valid Title VII cause of action. (*Id.* at 3–12.) Defendants

2

also attach as exhibits Plaintiff's charges of discrimination, dated May 16, 2016 and amended August 2, 2017, and written findings. (ECF No. 16-1.)

## II. Standard of Review[1]

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 446 U.S. at 662. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

## III. Analysis

Defendants make seven arguments in support of their Motion to Dismiss. The Court concludes that Annapolis was properly served, and that it is the only Defendant that Plaintiff seeks to retain in this matter. The Court will therefore grant the Motion to Dismiss to the extent that it seeks to dismiss any other Defendants. The Court will deny the Motion to Dismiss to the extent that it seeks to dismiss Plaintiff's claims based on insufficient service and statute of limitations

---

[1] Defendants argue that dismissal is appropriate under Rules 12(b)(1), 12(b)(5), and 12(b)(6). Rule 12(b)(1) enables dismissal for lack of subject matter jurisdiction. However, as discussed below, Defendants' arguments relating to Plaintiff's exhaustion of administrative remedies do not concern jurisdiction. Rule 12(b)(5) enables dismissal for insufficient service of process but Defendants concede that they were properly served. Therefore, the Court will focus its review on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).

grounds. Additionally, because Defendants raised certain arguments for the first time in its Reply, the parties will be directed to provide supplemental briefing on the remaining disputed points as detailed below.

### A.     Arguments Raised in the Motion to Dismiss

The Court will first consider those arguments Defendants raised in their Motion to Dismiss: (1) dismissal is warranted due to Plaintiff's insufficient service upon all Defendants; (2) APD must be dismissed as a defendant because it is not an entity capable of being sued; (3) Della and Hopkins must be dismissed because they are not capable of being sued under Title VII; and (4) Plaintiff filed his Complaint over 90 days after he received the EEOC Letter. The Court concludes that Annapolis was properly served; that Plaintiff has agreed that Annapolis is the only proper Defendant; and that Plaintiff filed his Complaint within the requisite time period.

#### 1.     Dismissal of Certain Defendants

The first three arguments—that Plaintiff improperly served Defendants and that claims against APD, Della, and Hopkins should be dismissed—require little discussion. In his Amended Complaint, Plaintiff named only APD and Annapolis as Defendants. (*See* Am. Compl. at 2.) Further, Plaintiff agreed that APD, Della, and Hopkins should be dismissed as Defendants. (Opp'n to Mot. Dismiss at 12.) Additionally, as Defendants concede, Plaintiff properly served Annapolis. (Reply at 2, n.3.) Therefore, the Motion to Dismiss will be granted as to APD. Accordingly, because this case was previously terminated as to Defendants Della, Hopkins, and Pristoop when Plaintiff filed his Amended Complaint, Annapolis is the only remaining defendant.

#### 2.     Statute of Limitations

The fourth argument—that Plaintiff filed his Complaint over 90 days after he received the EEOC Letter—merits more discussion. Plaintiff used a form Complaint for Employment

4

Discrimination in filing his original *pro se* Complaint, which includes a question requesting the date on which Plaintiff received the EEOC Letter. (Compl. at 7.) Plaintiff responded that he received the letter on April 16, 2021. (*Id.*) Defendants argue that Plaintiff untimely filed suit because he did not file suit until July 19, 2021, over 90 days after April 16, 2021. (Mot. Dismiss Mem. Supp. at 5–6.) Plaintiff argues that he misunderstood the question, believing that the form requested the date the EEOC issued the letter, not the date he received it. (Opp'n to Mot. Dismiss at 10–12.) He explains that he actually received the EEOC Letter on April 19, 2021. (*Id.*)

A civil action under Title VII must be filed within 90 days of the date of receipt by a claimant of a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1); *see also Aziz v. Orbital Scis. Corp.*, 165 F.3d 17 (4th Cir. 1998). This time limit is treated as a statute of limitations and is strictly enforced. *See Weathersbee v. Baltimore City Fire Dep't*, 970 F. Supp. 2d 418, 426–27 (D. Md. 2013). A plaintiff is entitled to a presumption that he received the right to sue letter three days after it was issued. *See id.* (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984)) ("In the absence of evidence of the date of receipt, a right-to-sue letter is presumed to have been received by the plaintiff three days after it was issued and mailed.")

Here, Plaintiff explained that, although the letter was issued on April 16, 2021, he did not receive it until three days later, on April 19, 2021.[2] Because Plaintiff is entitled to a presumption that he received the EEOC Letter three days after it was issued, the Court is satisfied that Plaintiff received the letter on April 19, 2021. Plaintiff was therefore required to file suit in this Court by July 18, 2021 (i.e., 90 days after April 19, 2021). However, July 18, 2021 was a Sunday; Plaintiff

---

[2] Defendants argue that Plaintiff is bound by the allegations in his Complaint and therefore cannot cure his pleading defects through briefing. (Reply at 1–2.) However, as noted, this 90-day time limit is construed as a statute of limitations. The alleged failure to comply with a statute of limitations is an affirmative defense. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). A plaintiff is not required "to plead affirmatively in his complaint matters that might be responsive to affirmative defenses even before the affirmative defenses are raised." *Id.* at 466.

5

therefore had until the following day, July 19, 2021, to file suit. *See, e.g., Warren v. Tri Tech Lab'ys, Inc.*, Civ. No. 6:12-00046, 2013 WL 2111669, at *1 n.1 (W.D. Va. May 15, 2013); *Gaines v. MKKM Inc.*, Civ. No. 2:14-4535-RMG, 2015 WL 3917160, at *1 (D.S.C. June 25, 2015). Accordingly, the Court finds that Plaintiff timely filed suit.

### B. Arguments Raised for the First Time in Defendants' Reply

Defendants' Reply raises three entirely new arguments in support of dismissal: (1) that the Court lacks subject matter jurisdiction because Plaintiff's allegations exceed the scope of the EEOC charges of discrimination; (2) that Plaintiff filed his EEOC charges over 300 days after the unlawful employment actions; and (3) that Plaintiff fails to state a valid Title VII cause of action. (Reply at 3–12.) Because Plaintiff has not had an opportunity to respond, the Court will direct the parties to provide supplemental briefing on these three arguments.

"The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). "The Court may reach the arguments in 'appropriate circumstances,' such as when reply was the moving party's 'first opportunity to brief the issues' or the opposing party has still had an opportunity to respond." *Jeffries v. Ayoub*, Civ. No. 8:17-02973-PX, 2019 WL 3306017, at *3 (D. Md. July 23, 2019) (quoting *Clawson*, 451 F. Supp. 2d 734–35). These circumstances are not present here. This was not Defendants' first opportunity to brief the issues; as Defendants themselves state, the Amended Complaint "contains the same allegations and thus, the same fatal issues as the Complaint." (Reply at 2 n.3.) Despite this fact, Defendants did not raise any of these arguments in their Motion to Dismiss, but rather raised them only in their Reply and Plaintiff has not had an opportunity to respond.

### 1. Scope of Allegations

Defendants argue for dismissal under Rule 12(b)(1) because the Court lacks subject matter jurisdiction, as the allegations in the Complaint exceed the scope of the EEOC charge of discrimination. (Reply at 3–8.) Plaintiff has not had the opportunity to respond to this argument.

The Court notes that "arguments concerning exhaustion of administrative remedies . . . do not challenge subject matter jurisdiction." *See Bellamy v. Walmart, Inc.*, Civ. No. DKC 20-1352, 2021 WL 1222780, at *2 (D. Md. Apr. 1, 2021). *See also Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1852 (2019) ("[A] rule may be mandatory without being jurisdictional, and Title VII's charge-filing requirement fits that bill.") Therefore, while Plaintiff was required to exhaust his administrative remedies prior to filing suit in this Court, this is not a jurisdictional prerequisite and therefore not properly challenged under Rule 12(b)(1).

### 2. Timing of Filing of EEOC Charges

Defendants next argue that the Plaintiff filed his EEOC charges over 300 days after the unlawful employment actions. (Reply at 8–9.) Plaintiff has not had the opportunity to respond to this argument.

### 3. Failure to State a Title VII Cause of Action

Beyond these threshold objections, Defendants argue that Plaintiff substantively fails to state a valid Title VII cause of action because Plaintiff fails to adequately plead a prima facie case with respect to his discrimination and retaliation claims. (Reply at 9–12.) Plaintiff has not had the opportunity to respond to this argument.

The Court notes that, although a plaintiff is indeed required to allege facts sufficient to state the elements of his claim, "the Supreme Court has cautioned that a Title VII plaintiff is not required

to plead facts that constitute a prima facie case." *Miller v. Carolinas Healthcare Sys.*, 561 F. App'x 239, 241 (4th Cir. 2014) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

### IV.    Conclusion

The Motion to Dismiss (ECF No. 11) will be granted as to Defendant APD and denied to the extent that it seeks dismissal due to insufficient service or untimeliness.

The Motion to Dismiss (ECF No. 11) will otherwise be held in abeyance pending supplemental briefing. The parties will be directed to provide further briefing on the three topics discussed above, namely: (1) whether Plaintiff properly exhausted his claims or whether his allegations exceed the scope of his administrative charges; (2) whether Plaintiff filed his EEOC charges over 300 days after the allegedly unlawful employment actions; and (3) whether Plaintiff substantively fails to state a valid Title VII cause of action. Plaintiff will be directed to respond within ten (10) days and Defendant Annapolis will be directed to reply within five (5) days of Plaintiff's response.

DATED this 14th day of December, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge