IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES C. SPEARMAN, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-21-1779 |
| CITY OF ANNAPOLIS, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Defendant, the City of Annapolis ("Annapolis"), moves this Court for summary judgment (the "Motion") (ECF No. 34) on all claims in Plaintiff James C. Spearman's ("Plaintiff") Amended Complaint (ECF No. 10). Plaintiff responded in opposition. ECF No. 35. Plaintiff also requested leave to file a Second Amended Complaint and for the Court to hold the present Motion in abeyance until after the Second Amended Complaint has been filed and discovery has been completed. *Id.* at 19. Annapolis replied and opposed Plaintiff's request. ECF No. 36. After considering the Motion and responses thereto, the Court finds that no hearing is necessary.[1] Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein, the Court finds that there are no genuine issues of material fact as to the claims asserted, and Annapolis's Motion is GRANTED.[2]

**BACKGROUND**

Plaintiff brings this action alleging systemic racism perpetrated against him in his prior role as a law enforcement officer with the Annapolis Police Department ("APD"). ECF No 10. ¶¶ 1,

---

[1] On February 16, 2022, this case was referred to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 (D.Md. 2021). ECF No. 28.
[2] For reasons stated *infra*, the Court will not grant Plaintiff leave to file a Second Amended Complaint.

1

56. Plaintiff's Amended Complaint includes claims of retaliation, discrimination, and disparate treatment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*, based on a series of discrete discriminatory acts that occurred from July 3, 2014 to February 23, 2015. ECF No. 10.

1. Reassignment to Lt. Della's Command

On July 3, 2014, Chief Pristoop reassigned Plaintiff to Lt. Della's command. *Id.* ¶ 10. Plaintiff brought an informal complaint against Lt. Della to APD Captain Cynthia Howard on September 2, 2014 and filed his first formal complaint of hostile work environment to APD Human Resources on September 7, 2014. *Id.* ¶¶ 16–17. Plaintiff alleges that Lt. Della retaliated against him on September 26, 2014 "by withholding pay on the charge that Plaintiff had spent official time attending an administrative hearing." *Id.* ¶ 19. Plaintiff then filed his second formal complaint with APD Human Resources on October 9, 2014. *Id.* ¶¶ 21–22.

2. October 14, 2014 Leave Request and Subsequent AWOL Charge

On October 14, 2014, Plaintiff intended to request two hours of leave to work at the Annapolis Boat Show along with other officers. *Id.* ¶ 24. He was unable to locate Lt. Della to deliver his leave request paperwork, so he left the paperwork under Lt. Della's office door. *Id.* ¶¶ 23–26. Plaintiff asserts that this was a customary practice. *Id.* ¶ 27. Lt. Della then stated that he could not find the leave request, so Plaintiff resubmitted his leave request that evening. *Id.* ¶¶ 28–29. Lt. Della formally denied Plaintiff's leave application the next day, claiming that he had not received the leave request paperwork, and subsequently opened an investigation into Plaintiff's alleged violation of APD's Use of Leave Policy. *Id.* ¶¶ 30–31. On October 20, 2014, Lt. Della

formally charged Plaintiff with a violation of the APD Use of Leave Policy and with being Absent without Leave ("AWOL"). *Id.* ¶ 32.

On November 12, 2014, the Internal Affairs Division, at the request of Lt. Della, opened an investigation into Plaintiff. *Id.* ¶ 35. As a result, Plaintiff filed his third formal complaint alleging retaliatory conduct with APD's Human Resources on December 6, 2014. *Id.* ¶ 37. On January 9, 2015, Human Resources concluded its investigation and determined that Lt. Della's actions were not retaliatory. *Id.* ¶¶ 38–39. And finally, on February 23, 2015, the Law Office pressed administrative charges against Plaintiff for the alleged Use of Leave Policy violations because Plaintiff's absence reduced the platoon staffing from seven to six officers. *Id.* ¶¶ 45, 47. Plaintiff identified a white officer who was granted leave by Lt. Della two days prior to the October 14, 2014 incident, despite the fact that it reduced platoon staffing from seven to six officers. *Id.* ¶¶ 49–50. Plaintiff contends he was "singled out and targeted" because he was a Black police sergeant and because he had previously filed complaints of racial disparity against APD, Chief Pristoop, and Lt. Della. *Id.* ¶¶ 56–57.

    3. <u>EEOC and MCCR Charges of Discrimination</u>

Plaintiff filed two Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Maryland Commission on Civil Rights ("MCCR"). The first Charge of Discrimination ("First Charge") was filed on or around January 29, 2015. ECF No. 34-4. The second Charge of Discrimination ("Second Charge") was filed on or around May 16, 2016 and amended on August 4, 2017. ECF Nos. 34-7, 34-8. Plaintiff alleged in his Second Charge that he had been "continuously reprimanded for violating [APD's] policy governing staffing" from 2014 to May 2, 2016. ECF No. 34-7. He added that on or around November 30, 2015, he became

3

aware of two white sergeants who consistently violated the same staffing policy and were not reprimanded in the same manner. *Id.*

    4.  <u>The Present Action</u>

After Plaintiff filed his Amended Complaint, Defendants moved to dismiss. ECF No. 11. The Court dismissed all Defendants except Annapolis, and requested briefing on additional arguments that Annapolis first raised in its reply brief, including, *inter alia*, that Plaintiff filed his EEOC charges more than 300 days after the unlawful employment actions occurred. *See* ECF No. 17 at 6. The Court then dismissed Plaintiff's retaliation claim based on his July 2014 reassignment and on Lt. Della allegedly undermining Plaintiff's work in July and August of 2014, but declined otherwise to dismiss Plaintiff's retaliation and discrimination claims. ECF No. 21. The Court rejected Annapolis's argument that Plaintiff's claims were time-barred because he failed to file charges with the EEOC within 300 days of the alleged unlawful acts. It stated that "the allegations originally contained in the [First] Charge fall outside the 300-day limitations period" and would be time-barred, but declined to dismiss the Amended Complaint because "the current record" did not include the right-to-sue letter for Plaintiff's First Charge. *Id.* at 10–11. Annapolis now brings the present Motion for Summary Judgment. ECF No. 34. It attaches to its present Motion, *inter alia*, the EEOC's right-to-sue letter for the First Charge, dated October 13, 2015. ECF No. 34-6. Plaintiff responded in opposition, and Annapolis replied. ECF Nos. 35, 36.

DISCUSSION

**A. Standard of Review**

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a). *See Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphasis in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id. See Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party, and "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

### B. Annapolis's Motion for Summary Judgment

Annapolis contends that summary judgment is warranted because the allegations in Plaintiff's Amended Complaint "fall outside of the 300-day limitations period applicable to the Second Charge" and are therefore time-barred. ECF No. 34-1 at 7. Annapolis also asserts that the

Plaintiff failed to meet the Title VII 90-day charge-filing requirement and that the allegations about comparators in the Amended Complaint exceed the scope of both the First and Second Charge. *Id.* at 7, 11. In response to Annapolis's time-barred argument, Plaintiff argues that the "discrete acts outlined in the Amended Complaint provide context and relevant background evidence" for Plaintiff's claims in the Second Charge, namely that he experienced racism with respect to staffing guidelines and two white comparators violated the staffing policy and were not disciplined. ECF No. 35 at 12–13. Plaintiff also responded to each of Annapolis's other arguments, asserting that the Court should reject Annapolis's charge-filing argument because the First Charge "primarily provides relevant background evidence to the Second Charge," and that the allegations about comparators do not exceed the scope of the First or Second Charge. *Id.* at 2, 15–17. I find Annapolis's argument that Plaintiff's allegations fall outside of the required 300-day limitations period compelling and address the argument below.

    1. 300-Day Limitation Period

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment," because of, *inter alia*, his race. 42 U.S.C. § 2000e-2(a). Prior to asserting a Title VII claim in this Court, Plaintiff "must file an administrative charge of discrimination with the [EEOC]" or the applicable state agency. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). The administrative charge must be filed within either 180 days or 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1). "This period is extended to 300 days . . . when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004) (citations omitted). Maryland is one such deferral state. *Valderrama v.*

*Honeywell Tech. Sols., Inc.*, 473 F.Supp.2d 658, 662 n.4 (D.Md. 2007), *aff'd,* 267 F.App'x 256 (4th Cir. 2008).

If Plaintiff fails to file an administrative charge within 300 days of the alleged discriminatory act, he "lose[s] the ability to recover for it." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). "Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred." *Id.* at 113. "[O]nly incidents that occur within the timely filing period are actionable; prior acts can only be used as background evidence in support of an otherwise timely claim." *Belton v. City of Charlotte*, 175 F.App'x 641, 653 (4th Cir. 2006). "[T]he basis of [Plaintiff's] suit . . . is limited to claims that [he] raised in [his] EEOC charge." *Cobb v. Towson Univ.*, No. CV ELH-14-02090, 2015 WL 7878500, at *10 (D.Md. Dec. 3, 2015). *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 113 ("Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").

Here, I agree with Annapolis that Plaintiff's claim is not timely because he failed to file his Second Charge within 300 days of the discrete discriminatory acts alleged in the Amended Complaint.[3] Plaintiff's present Amended Complaint relies on acts that span from July 3, 2014 (Plaintiff's reassignment) to February 23, 2015. The last discrete act alleged in the Amended Complaint is that Annapolis pressed administrative charges against Plaintiff on February 23, 2015. ECF No. 10 ¶ 45. However, Plaintiff did not file his Second Charge until May 16, 2016, more than

---

[3] Because Plaintiff did not file suit within 90 days of receiving the right-to-sue letter for his First Charge, his Second Charge provides the basis for the present action. *See Woodbury v. Victory Van Lines*, 286 F.Supp.3d 685, 695 (D.Md. 2017) (explaining that the plaintiff has 90 days to file suit upon receipt of the right-to-sue letter, otherwise the charge-filing requirement acts as a statute of limitations); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005) ("This [administrative] charge frames the scope of future litigation.").

300 days later. Alleged discriminatory acts that occurred more than 300 days prior to Plaintiff's Second Charge are not actionable in a Title VII action before this Court. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 113. Accordingly, because every discrete discriminatory act in the Amended Complaint occurred more than 300 days prior to when Plaintiff filed his Second Charge on May 2, 2016, his claims are time-barred. *See* ECF No. 34-7

Plaintiff asserts that the allegations in the Second Charge are timely and that the remaining allegations in the Amended Complaint provide "context and relevant background evidence" to those timely allegations. The Court disagrees. The allegation in both the Amended Complaint and Second Charge that Plaintiff "experienced racism in the implementation of discipline and in the requirements to adhere to staffing guidelines" is nothing more than a broad and conclusory allegation, not a discrete discriminatory act. *See* ECF No. 35 at 14–15. The allegation in the Second Charge that Plaintiff learned of two white comparators who violated the staffing policy without discipline on November 30, 2015 is similarly not a discrete discriminatory act, but instead related to the October 14, 2014 incident and subsequent AWOL charge. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 113 ("[D]iscriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). As explained *supra*, none of the discrete discriminatory acts alleged in the Amended Complaint were timely filed in the Second Charge. This is consistent with the Court's prior Memorandum Opinion. *See* ECF No. 21 at 11.

There is thus no genuine issue of material fact that Plaintiff failed to file his Second Charge within 300 days of the discrete discriminatory acts alleged in the Amended Complaint. Plaintiff's claims are therefore time-barred, and Annapolis is entitled to judgment as a matter of law.[4]

---

[4] Accordingly, the Court need not consider Annapolis's other arguments that Plaintiff failed to meet the Title VII charge-filing requirement and that Plaintiff's allegations concerning comparators exceeded the scope of Plaintiff's First and Second Charges. *See* ECF No. 34-1 at 11.

### C. Plaintiff's Motion for Leave to File a Second Amended Complaint

Plaintiff argues alternatively that the Court should permit him to file a Second Amended Complaint and hold the present Motion in abeyance until the Second Amended Complaint is filed and discovery has been completed. ECF No. 35 at 19. Annapolis opposes this request. ECF No. 36 at 8.

Leave to amend is not warranted here. A motion to amend is brought pursuant to Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) states that where a party may not amend as a matter of course, it may amend "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, a motion to amend should be denied where "the amendment would be futile." *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citations omitted). As explained *supra*, Plaintiff's claims rely exclusively on allegations that are time-barred. Leave to amend, even to add the names of the two white comparators named in the Second Charge, *see* ECF No. 35 at 18, will not make the allegations in the Amended Complaint timely. Because all of the discrete acts alleged in the Amended Complaint are not timely, any amendment relying on those allegations would be futile. The Court will therefore not grant Plaintiff leave to amend.[5]

### CONCLUSION

Accordingly, there is no genuine issue of material fact that Plaintiff's Title VII claims are time-barred, and Annapolis is entitled to judgment as a matter of law on Plaintiff's claims. For the

---

[5] Even assuming *arguendo* that amendment would not be futile, Plaintiff has still failed to meet his burden to show good cause for his failure to amend the pleadings in accordance with the scheduling order, especially considering he had almost two months to amend following the Court's previous Order. *See RFT Mgmt. Co., LLC v. Powell*, 607 F.App'x 238, 242 (4th Cir. 2015) (citations omitted) ("Although leave to amend a complaint should be 'freely give[n] . . . when justice so requires,' after the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16] must be satisfied to justify leave to amend the pleadings.").

reasons set forth in this Memorandum Opinion, Annapolis's Motion for Summary Judgment (ECF No. 34) is GRANTED. A separate Order will follow.

Date:  May 27, 2022

/s/
A. David Copperthite
United States Magistrate Judge